UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TROY DANIEL THOELE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-1410 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on petitioner Troy Daniel Thoele's petition for a writ of habeas corpus, and respondent William Stephens' motion for summary judgment. Having carefully considered the petition, the motion, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that respondent's motion should be granted, and Thoele's petition should be dismissed.

## I.    Background

Thoele pled guilty in the 272nd District Court of Brazos County, Texas to 50 counts, presented in five separate cause numbers, of unlawful possession of child pornography. That court sentenced him to 10 years imprisonment on 48 of the counts with the sentences to run concurrently, five years imprisonment on one of the remaining counts, and 10 years community supervision on the other count, with the latter two sentences to run consecutively to the sentences on the other counts, and to each other. Texas' Tenth Court of Appeals affirmed the judgment and the Texas Court of Criminal Appeals ("TCCA") refused Thoele's petition for discretionary review. *See Thoele v.*

*State*, 10-12-00171-CR to 10-12-175-CR, 2012 WL 5696428 (Tex. App. – Waco Nov. 15, 2012)(pet. ref'd).

Thoele sought state habeas corpus relief. The TCCA denied relief without written order. SH-05 to SH-09[1] at action taken sheet. Thoele filed this federal petition for a writ of habeas corpus on May 22, 2015. Respondent moved for summary judgment on October 30, 2015. Thoele responded on December 1, 2015, filed a supplemental response on March 9, 2016, and amended one of his grounds for relief on February 8, 2016.

## II. The Applicable Legal Standards

### A. The Anti-Terrorism and Effective Death Penalty Act

This federal petition for habeas relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Under the AEDPA, federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999).

---

[1] "SH" refers to the transcripts of Thoele's state habeas corpus proceedings.

For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this Court may grant federal habeas relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]." *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). Under the "contrary to" clause, this Court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'" *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 406. "In applying this standard, we must decide (1) what was the decision of the state courts with regard to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts." *Hoover v. Johnson*, 193 F.3d 366, 368 (5th Cir. 1999). A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd*, 286 F.3d 230 (5th Cir. 2002) (en banc), *cert. denied sub nom. Neal v. Epps*, 537 U.S. 1104 (2003). The solitary inquiry for a federal

court under the 'unreasonable application' prong becomes "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'" *Id.* (quoting *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'").

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254 (d)(2); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The State court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997).

### B. The Standard for Summary Judgment in Habeas Corpus Cases

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Insofar as they are consistent with established habeas practice and procedure, the Federal Rules of Civil Procedure apply to habeas cases. *See* Rule 11 of the Rules Governing Section 2254 Cases. In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the non-moving party. *See Anderson v.*

*Liberty Lobby*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor"). Where a state prisoner's factual allegations have been adversely resolved by express or implicit findings of the state courts, however, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor. *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Foster v. Johnson*, 293 F.3d 766, 777 (5th Cir. 2002); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000); *Emery v. Johnson*, 940 F.Supp. 1046, 1051 (S.D. Tex. 1996), *aff'd*, 139 F.3d 191 (5th Cir. 1997). Consequently, where facts have been determined by the Texas state courts, this Court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

### III. Analysis

Thoele's petition raises seven claims for relief. As discussed below, however, a number of the claims are waived.

Five of Thoele's seven claims for relief concern challenges to the validity of the search warrant and of a subpoena used to obtain evidence against him. As noted above, however, Thoele pled guilty to the charges against him. A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). None of Thoele's claims challenges the jurisdiction of the convicting court. While Thoele argues in his seventh claim that the Texas Attorney General lacked authority to prosecute him, this claim does not implicate the jurisdiction

of the trial court. Therefore, as long as the plea was voluntary, Thoele waived his claims concerning the search warrant and subpoena.

Thoele argues that his plea was not knowing and voluntary because his counsel erred in advising Thoele to plead guilty after stating that he did not want to challenge the warrant.

> A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary and intelligent. *Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir.), *cert. denied,* 474 U.S. 838, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985). A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *Henderson v. Morgan,* 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 2257 n. 13, 49 L.Ed.2d 108 (1976). The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley,* 933 F.2d 325, 329 (5th Cir.1991), *cert. denied,* 503 U.S. 988, 112 S.Ct. 1678, 118 L.Ed.2d 395 (1992).

*James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).

Thoele does not dispute that he understood the rights he was waiving, the charges against him, and the possible range of punishment he faced. These were clearly explained to him by the court during the plea colloquy, and Thoele clearly stated that he understood his rights and the maximum possible sentence, and that he was pleading guilty freely and without any outside pressure. He also stated that he discussed the plea

"extensively" with his attorney, and that he was satisfied with his attorney's performance. 4 Tr. at 43-54.

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Based on Thoele's statements and an affidavit submitted by his trial counsel, the state habeas court found that Thoele's plea was knowing, voluntary, and intelligent. *See* 4 SH at 725-26. In light of the record, Thoele fails to demonstrate that the state habeas court's determination that his plea was knowing, voluntary, and intelligent was an unreasonable determination. That conclusion is therefore entitled to deference.

Thoele argues, however, that his plea was involuntary under the Supreme Court's decision in *Hill v. Lockhart*, 474 U.S. 52 (1985) because he received ineffective assistance of counsel. In *Hill*, the Court held that a plea is not voluntary if the defendant relied on the advice of counsel, and counsel's advice constituted ineffective assistance of counsel.

In *Hill*, the defendant's decision to plead guilty was based, at least in part, on erroneous information about parole eligibility provided by his attorney. *Id.* at 56-57. Thoele, in contrast, complains that counsel was ineffective *prior to* the plea, in failing (in Thoele's opinion) to adequately seek to suppress evidence. As noted above, however, all non-jurisdictional defects arising prior to a plea are waived by the plea. Therefore, Thoele's claim of ineffective assistance of counsel does not negate the plea, and Thoele waived his claims by his plea of guilty.

---

"Tr." refers to the transcript of Thoele's trial.

## IV. Conclusion

For the foregoing reasons, respondent's motion for summary judgment is granted, and Thoele's petition is dismissed with prejudice.

## V. Certificate of Appealability

Thoele has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are

suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Thoele's petition and concludes that Thoele fails to make a substantial showing of the denial of a constitutional right. The court concludes that jurists of reason would not find this Court's ruling debatable. This Court concludes that Thoele is not entitled to a certificate of appealability.

**VI.     Order**

For the foregoing reasons, it is ORDERED as follows:

1. Respondent William Stephens' motion for summary judgment (Dkt. No. 22) is GRANTED;

2. Petitioner Troy Daniel Thoele's petition for a writ of habeas corpus (Dkt. No. 1) is DISMISSED WITH PREJUDICE; and

3.  No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 26th day of April, 2016.

_____
Kenneth M. Hoyt
United States District Judge